UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JOHN M. GOUVE,

    Defendant.

No. 2:14-PO-0157-JTR-1

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss. ECF No. 13. Defendant responds thus to a citation alleging a violation of 41 C.F.R. § 102-74.400(a), proscribing possession of marijuana on federal property. ECF No. 1.

Defendant is represented by Meredith B. Esser, Assistant Federal Defender. The United States is represented by Sam White, Legal Intern, and Tyler Tornabene, a supervising United States Attorney.

Defendant moves to dismiss this case, because (1) he falls within a described medical exception to the regulation; (2) the regulation is void for vagueness; (3) the "rule of lenity" requires that Defendant not be prosecuted for possessing medical marijuana; and (4) the August 29, 2013, "Cole Memorandum" issued by

ORDER . . . - 1

the U.S. Department of Justice and a federal funding bill signed into law on December 16, 2014, prevent law enforcement action inconsistent with duly-enacted state laws regarding marijuana.

## I.  MEDICAL EXEMPTION

Defendant contends the regulation at issue in this matter exempts him from prosecution because he has complied with all Washington State requirements to possess marijuana for medical reasons, including obtaining the requisite authorization.  In an appendix to his Motion, Defendant has supplied a DOCUMENTATION OF MEDICAL AUTHORIZATION TO POSSESS CANNABIS FOR MEDICAL PURPOSES IN WASHINGTON STATE.  ECF No. 13, Ex. B.  The United States does not dispute that Defendant's conduct was in complete accord with Washington State law.

The federal regulation Defendant is accused of violating, and from which he claims exemption, is 41 C.F.R. § 102-74.400.  The regulation provides, in relevant part, as follows:

> Except in cases where the drug is being used as **prescribed** for a patient by a **licensed physician**, all persons entering in or on Federal property are prohibited from—
>
> (a) Being under the influence, using or possessing any narcotic drugs, hallucinogens, marijuana, barbiturates, or amphetamines;

41 C.F.R. § 102-74.400 (emphasis added).  It is a cardinal principle of statutory construction that a court must give effect, if possible, to every clause and word of a statute.  *Negonsott v. Samuels*, 507 U.S. 99, 106 (1993).

Defendant's proffered "medical authorization" is signed by Ron Whitten-Bailey, ARNP.  "ARNP" refers to an "Advanced Registered Nurse Practitioner."  The document indicates that it is a "recommendation" and, for verification, refers the reader to "4evergreengroup.com."  An ARNP is not a "licensed physician," and a recommendation is not a "prescription."  *See United States v. Harvey*, 659 F.3d

ORDER . . . - 2

1272 (9th Cir. 2011) (a doctor's "recommendation" to use marijuana for medical reasons is not a "prescription").

Based on the foregoing facts and a plain reading of the regulation, Defendant has not complied with the stipulation in the regulation, so is not excepted from prosecution under that regulation.

## II. VAGUENESS

Defendant next asserts that the matter should be dismissed because 41 C.F.R. § 102-74.400 is void for vagueness. ECF No. 13 at 6-10. Defendant contends that an ordinary person understands, and laws have long recognized, that activity which is normally nonsensical or even illegal will be permitted by law and society when done for a legitimate medical purpose; e.g., accommodations in the workplace, such as an individual's need to wear sunglasses indoors or to inject oneself with insulin. Defendant argues that, being authorized by a trained and licensed health care professional to use a specific drug, in strict accord with a state law denominated "*Medical*" Marijuana, he or she may reasonably anticipate the accommodation that all regulatory schemes generally accord individuals' medical needs. ECF No. 13 at 7-8.

A statute is unconstitutionally vague if it either (1) fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits, or (2) encourages an arbitrary and discriminatory effect by failing to provide guidance to law enforcement. *Hill v. Colorado*, 530 U.S. 703, 732 (2000), *Chicago v. Morales*, 527 U.S. 41 (1999).

Defendant makes no argument of arbitrary or discriminatory enforcement, so the latter argument is not considered here.

Assessment of Defendant's argument that the statute fails to provide sufficient guidance to "people of ordinary intelligence" begins with the plain meaning of the statutory language." *In re Bonner Mall Partnership*, 2 F.3d 899, 908 (9th Cir. 1993). As noted above, 41 C.F.R. § 102-74.400 expressly uses the

ORDER . . . - 3

terms "prescription" and "licensed physician."  These terms are clear and unambiguous on their face and cannot support a claim of vagueness.

### III.  LENITY

Defendant additionally argues for the application of the "rule of lenity" to the conflict between the Washington State statute and the federal regulation.  ECF No. 13 at 6.  Defendant argues that because the rule of lenity mandates that the least onerous interpretation of the law be applied, Defendant should not be criminally prosecuted for possessing medical marijuana.  ECF No. 13 at 6.

Defendant asserts that the federal regulation prohibiting controlled substances except with medical approval becomes ambiguous *when compared to* the Washington State statute also authorizing possession of marijuana under slightly varied medical approval.  Defendant cites state law for the proposition that when a conflict between state statutes provides alternative treatments for the same situation, then the more lenient of the two statutes must apply.

The government argues that the regulation must be read in its proper context of federal law.  ECF No. 20 at 4-5.

The federal authorities addressing the rule of lenity and reviewed by this Court have not found ambiguity by comparing two statutes from different jurisdictions, but only upon finding alternative reasonable interpretations of a single statute.  *See United States v. Mincoff*, 574 F.3d 1186, 1201-1202 (9th Cir. 2009) (finding the rule of lenity inapplicable because the statute at issue was not ambiguous); *United States v. Banks*, 514 F.3d 959, 968 (9th Cir. 2008) (finding the rule of lenity applies only when the language of a statute contains "grievous ambiguity or uncertainty" and "when, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended."); *People v. Materne*, 72 F.3d 103, 106 (9th Cir. 1995) ("[T]he rule of lenity applies where a criminal statute is vague enough to deem both the defendant's and the government's interpretations of it as reasonable.").

As indicated above, the federal regulation in question, considered alone, is not ambiguous. The rule of lenity does not apply in this case.

### IV. COLE MEMORANDUM and APPROPRIATIONS BILL

Defendant argues that the United States Congress has, by recent budgetary legislation, effectively prohibited prosecution for medical marijuana that complies with state law. *See* 160 Cong. Rec. H9076-02, 2014 WL 6996567 at 75 (Dec. 11, 2014). This spending bill states, in part, as follows:

> None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Vermont, Washington, and Wisconsin, to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

Such language may avoid interference with the legislation and enforcement of state laws by state authorities, but it does not reference or presume to alter the Controlled Substance Act, 21 United States Code, Chapter 13. Agencies charged with enforcing this Act do so with a broad discretion that is reserved exclusively for the executive branch of government. To the extent that the legislative branch can impose conditions on appropriated funds, and that such conditions in turn influence how the executive branch allocates funds between competing alternatives, this legislation is but one factor agencies consider when exercising their charging discretion.

The Court also notes Defendant was cited on August 11, 2014. The Congressional action referenced by Defendant, even assuming it is a more compelling directive, did not occur until December 16, 2014, well after Defendant received his citation in this case.

ORDER . . . - 5

Defendant also references the so-called "Cole Memorandum," a four-page document issued on August 29, 2013, over the signature of Deputy Attorney General James M. Cole, titled "Guidance Regarding Marijuana Enforcement." ECF No. 27 at 2. The Cole Memorandum acknowledges that "some jurisdictions" have enacted laws legalizing marijuana in limited form, typically possession of small amounts, or by seriously ill individuals. The memorandum goes on to say that if those limitations are effectively enforced by local authorities, and if the regulations do not contradict specific federal priorities, then federal enforcement against activities allowed by state law should be a low priority. ECF No. 27, Ex. A at 3.

For three reasons, the Cole Memorandum does not support dismissal. First, as noted above, the memorandum only contemplates reduced federal enforcement of marijuana used or possessed in accord with state law *when it does not contradict an articulated federal priority*. One of the articulated priorities is "preventing marijuana possession or use on federal property." ECF No. 27, Ex. A at 2.

Secondly, the memorandum disclaims any intent to alter the authority to enforce federal law, to create a defense, or to create any substantive or procedural right. ECF No. 27, Ex. A at 4.

Finally, to the extent the Cole Memorandum articulates an official policy of the Department of Justice, a policy does not bar any federal prosecution. In considering the Justice Department's so-called *Petite* policy against federal prosecutions for similar conduct already prosecuted in state court, courts have said the policy cannot be enforced against the Department. *See, e.g., United States v. Snell*, 592 F.2d 1083, 1088 (9th Cir. 1979) ("Assuming arguendo that the second prosecution violates the *Petite* policy, we conclude that such a violation of the internal housekeeping rules of the Department of Justice does not entitle Snell to dismissal of the indictment."); *United States v. Jackson*, 327 F.3d 273, 295 (4th Cir. 2003) ("[I]t is well established that the *Petite* policy and other internal

ORDER . . . - 6

prosecutorial protocols do not vest defendants with any personal rights."). All the Courts of Appeals that have considered this question have agreed that a criminal defendant cannot invoke the *Petite* policy as a bar to federal prosecution. *See, e.g.*, *United States v. Mardis*, 600 F.3d 693, 696 (6th Cir. 2010) (the Department of Justice's *Petite* policy "is not constitutionally mandated and confers no rights upon the accused." (citation omitted)); *United States v. Thompson*, 579 F.2d 1184, 1189 (10th Cir. 1978) (disagreeing with a defendant's contention that the *Petite* policy was capable of conferring a right upon him).

      Based on the foregoing, **IT IS HEREBY ORDERED** Defendant's Motion to Dismiss, **ECF No. 13**, is **DENIED**. The matter is continued to the petty offense docket set for **March 24, 2015, at 3:00 p.m.** The parties are directed to appear on that date for a status conference.

      **IT IS SO ORDERED**. The District Court Executive shall enter this order and furnish copies to counsel.

      DATED January 30, 2015.



      _____
      JOHN T. RODGERS
      UNITED STATES MAGISTRATE JUDGE

ORDER . . . - 7